**FILED**

MAY 12 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DALE BRENT ADAMS,                          )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No. 14-846
                                           )
DRUG ENFORCEMENT ADMINISTRATION, *et al.*, )
                                           )
                Defendants.                )

## MEMORANDUM OPINION

Plaintiff claims that he is the victim of unlawful government surveillance pursuant to its Terrorist Surveillance Program, Compl. ¶¶ 11, 26, and through the efforts of the Drug Enforcement Administration, *see id.* ¶¶ 40-45, and the National Security Administration, *see id.* ¶59. By means of this surveillance, plaintiff alleges, the government has interfered with virtually all aspects of his life, from "financial[] oppress[ion]," *id.* ¶ 60.E., to violation of "the husband-wife, attorney-client and work product privilege[s]," *id.* ¶ 60.G., to "breach of confidentiality of trade secrets, customer contacts and other business records," *id.* ¶ 60.K., to interference with his "fundamental right to have a child," *id.* ¶ 60.L. He demands a declaratory judgment, injunctive relief, and unspecified monetary damages. *Id.* ¶ 75; *see id.* at 10-11 (page numbers designated by the Court).

To survive dismissal, the plaintiff not only must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), but also must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)) (brackets and internal quotation marks removed). The Court "[d]etermine[s] whether a complaint states a plausible claim for relief" by "draw[ing] on its judicial experience and common sense." *Id.* (citation omitted). With these considerations in mind, the Court concludes that the complaint must be dismissed. The few factual allegations set forth in the complaint are, at best, highly speculative and conclusory, such that the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (brackets, internal quotation marks and citation omitted).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint without prejudice.[1] An Order consistent with this Memorandum Opinion is issued separately.

DATE: 5/12/2014

United States District Judge

---

[1] Buried in the myriad allegations of plaintiff's complaint is the suggestion of a claim under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. *See* Compl. ¶¶ 53-55. Plaintiff may file a separate complaint if he wishes to pursue a FOIA claim.